UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY WIELAND, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV2100 JCH |
| ) | |
| JOHN RIGBY & CO. [GUNMAKERS], INC., ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Improper Venue pursuant to FRCP 12(b)(3) and in the Alternative to Transfer Venue pursuant to 28 U.S.C. § 1406, filed March 24, 2010. (Doc. No. 9). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff Terry Wieland ("Wieland") filed this Internet libel case against Defendants John Rigby & Co. [Gunmakers], Inc., and Geoffrey D. Miller on December 23, 2009. (Doc. No. 1). In his Complaint, Wieland alleges that on or about November 20, 2009, Defendants posted defamatory statements about Wieland on the NRA website. (Id., ¶¶ 7-14). As stated above, Defendants filed the instant Motion to Dismiss or Transfer on March 24, 2010, contending that venue is not proper in this district under the provisions of 28 U.S.C. § 1391, the general federal venue statute. (Doc. No. 9).

## DISCUSSION

In diversity cases, venue is determined in accordance with the requirements of 28 U.S.C. § 1391(a), which provides in relevant part as follows:

> (a)   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in....(2) a judicial

> district in which a substantial part of the events or omissions giving rise to the claim occurred,...

Id. "The plaintiff is not required to select the venue with the most substantial nexus to the dispute; rather, it must simply choose a venue where a substantial part of the events giving rise to the claim occurred." Capital Corp. Merchant Banking, Inc. v. Corporate Colocation, Inc., 2008 WL 4058014 at *2 (M.D. Fla. Aug. 27, 2008) (internal quotations and citations omitted).

In support of their motion to dismiss for improper venue, Defendants note (1) that all Defendants reside in the State of California, and (2) that the event alleged to have resulted in damages to Wieland, namely, the posting of the statements on the NRA website, occurred in California. (Doc. No. 10, P. 3). Wieland counters that by posting on the NRA website, Defendants effectively published the libelous statements everywhere, including the geographical area covered by this Court. (Doc. No. 11, PP. 1-2).[1]

Upon consideration, the Court holds venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2). Specifically, the Court notes Defendants allegedly posted defamatory material on a website that can be accessed in this district. Furthermore, Wieland resides in this district, and thus any injuries resulting from the defamatory statements occurred in this district. As the Capital Corp. Court explained:

> Nevertheless, the Court must conduct the venue analysis with an eye to the difficulties posed by applying section 1391(a)(2) to a case in which the "wrong" does not center on physical acts or omissions. Moreover, because the harm from an online defamatory statement can occur in any place where the website or forum is viewed, no one forum should be expected to stand out as a particularly strong candidate for venue. Thus, in the context of defamation and other non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides and the defamatory statements were published.

---

[1] Wieland resides in Jefferson County, Missouri, a geographical area covered by the United States District Court for the Eastern District of Missouri. (Doc. No. 11, PP. 1-2).

Capital Corp. Merchant Banking, 2008 WL 4058014 at *3 (citations omitted). See also Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Ass'n, Inc., 525 F.Supp.2d 1039, 1043-1044 (N.D. Ill. 2007) (citations omitted) ("Economic and reputational injury, in conjunction with other activities such as the dissemination of allegedly defamatory newsletters within the district qualify as substantial parts of the events giving rise to [Plaintiff's] claim."); Fuqua Homes, Inc. v. Beattie, 388 F.3d 618, 622 (8th Cir. 2004) (in performing a choice of law analysis in a defamation case involving widespread dissemination of allegedly defamatory matter via the internet, "the most important consideration in choosing the applicable law is the residence of the party allegedly defamed.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Improper Venue pursuant to FRCP 12(b)(3) and in the Alternative to Transfer Venue pursuant to 28 U.S.C. § 1406 (Doc. No. 9) is **DENIED**.

Dated this 15th day of April, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE